DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF PLATEBRIGHT LIMITED | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 2013-94 |

ATTORNEYS:

**Alan R. Feuerstein, Esq.**
St. Thomas, VI
    *For the plaintiff, Platebright Limited.*

**ORDER**

**GÓMEZ, J.**

    Before the Court is the Report and Recommendation of the Magistrate Judge regarding the application of Platebright Limited ("Platebright") for judicial assistance in obtaining evidence located in the United States Virgin Islands.

    In 2009, Platebright, a United Kingdom entity based in Oxford, England, lent £1,200,000 to Island Eco Resorts Limited ("IER"), a United Kingdom corporation. Simon Piggott is the sole director of IER. When Platebright discovered that the loan funds had not been used as IER represented the funds would be used,

Platebright called in the loan under the terms of the loan agreement. IER failed to repay Platebright as required.

Platebright sued IER, Simon Piggott and Lyndsey Piggott (collectively, the "Piggots"), for fraud in a Great Britain tribunal. In the course of those proceedings, Platebright learned that $919,345.30 of the loan funds had been deposited into an account held by IER at Merchants Commercial Bank (MCB) located on St. Thomas. The English Court ordered IER and the Piggotts to provide information about the MCB account.

Simon Piggott sent a letter to Pinset Masons, LLP, Platebright's lawyers, authorizing MCB to give bank statements and other information to Pinset Masons, LLP. Pinset Masons, LLP, attempted to request the information about the MCB account from MCB, attaching a copy of Simon Piggot's authorization letter. MCB refused, stating that Simon Piggott's letter does not match the signature MCB has on file for the MCB account. Pinset Masons, LLP, again wrote to MCB to ascertain the documentation required to authorize release of information from the MCB account. MCB did not respond. Pinset Masons, LLP, filed a complaint with the Virgin Islands Division of Banking and Insurance. The Virgin Islands Division of Banking and Insurance informed Pinset Masons, LLP, that Piggott is not a signatory on the MCB account. Piggott, the sole director of IER, has refused to disclose the identity of the signatory on the MCB account.

On September 30, 2013, Platebright filed an application to obtain expedited discovery in the U.S. Virgin Islands. In its application, Platebright requests that this Court enter an order that requires Merchants Commercial Bank to produce certain documents. Platebright lists the documents in a proposed subpoena attached to its application. Platebright also requests that this Court grant Platebright leave to issue and serve a subpoena on Merchants Commercial Bank. Platebright also requests this Court enter an order directing Merchants Commercial Bank to preserve the documents and evidence that Platebright seeks.

Under 28 U.S.C. § 1728, a district court may, in its discretion, assist in gathering evidence for foreign tribunals when a petitioner demonstrates that three statutory factors have been met: 1) the information holder is located in the district, 2) the discovery is for use before a foreign tribunal; and 3) the application is made by the foreign tribunal or interested person. *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998); 28 U.S.C. § 1782(a).

Once a petitioner has demonstrated that its application meets these three statutory factors, a district court may, in its discretion, grant the application for an order for discovery pursuant to 28 U.S.C. § 1782. The United States Supreme Court has laid out four discretionary factors for a district court to consider when deciding whether to grant a § 1728 request:

In Re Application of Platebright
Civil No. 2013-94
Order
Page 4

> [A] court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. Further, . . . a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Also, unduly intrusive or burdensome requests may be rejected or trimmed.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (internal citations omitted).

Here, the statutory requirements are met. MCB is within the district of the Virgin Islands on St. Thomas and is subject to the jurisdiction of the Court. The evidence from MCB is for use in the case Platebright filed in the English Court. Platebright, as a litigant, is an "interested person" under the statute. The discretionary factors also weigh in favor of granting Platebright's application for judicial assistance. MCB is not a participant in the foreign proceeding; 2) there is no evidence that the English Court will be unreceptive to United States federal-court judicial assistance; 3) there is nothing in the record to suggest Platebright's request conceals an attempt to circumvent evidence-gathering restrictions of the English Court; and 4) though some of Platebright's requests are overly broad and include some information not relevant to the English case, the majority are narrowly tailored to the English case.

The Magistrate recommends granting in part Platebright's *ex parte* application for discovery. The Magistrate further recommends denying Platebright's request to serve the proposed subpoena submitted with the application. The Magistrate also recommends permitting Platebright leave to amend its proposed subpoena and submit an amended subpoena within 21 days of this Order. Further, the Magistrate recommends directing Merchants Commercial Bank to preserve the documents and evidence that Platebright seeks, as identified in a Court-approved amended subpoena.

Upon de novo review of the Report and Recommendation, the Court agrees with the Magistrate's Report and Recommendation. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED;** it is further

**ORDERED** that Platebright's *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 is **GRANTED IN PART**; it is further

**ORDERED** that Platebright's request to serve the proposed subpoena submitted with the application is **DENIED**; it is further

**ORDERED** that Platebright shall submit any amended subpoena it wishes this Court to consider within twenty-one (21) days of this order; it is further

**ORDERED** that Merchants Commercial Bank shall preserve the documents and evidence that Platebright seeks, as identified in any amended subpoena Platebright files that is approved by this Court.

```
                                    S_____
                                    CURTIS V. GÓMEZ
                                    District Judge
```